UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MATTHEW KEITH ALWARD,

        Plaintiff,

v.

MDOC et al.,

        Defendants.
_____/

Case No. 1:24-cv-629

Honorable Paul L. Maloney

## **OPINION**

This action is based on a petition for writ of mandamus brought by a federal prisoner. Plaintiff asks the Court to compel the Michigan Department of Corrections (MDOC), the Wayne County Circuit Court, and the Washtenaw County Circuit Court to redetermine the number of days he was credited for "time served" when he was sentenced following his guilty pleas in the state courts. The Court has granted Plaintiff leave to proceed *in forma pauperis* in a separate order, granting Plaintiff's motions seeking that relief, (ECF Nos. 2, 11), and rendering moot Plaintiff's motion to compel production of certified trust fund account history, (ECF No. 10).

Because Plaintiff is proceeding *in forma pauperis*, and because he is a prisoner seeking relief from governmental entities, he is subject to certain provisions in the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA). Under the PLRA, the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's

allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

## Discussion

### I. Factual Allegations

Plaintiff is presently incarcerated with the Federal Bureau of Prisons at the Allenwood Low Federal Correctional Institution in White Deer, Pennsylvania. Plaintiff is serving a sentence of 10 years' imprisonment following his guilty plea to one count of conspiracy to distribute with intent to distribute fifty grams or more of methamphetamine. *See* Plea Agreement, *United States v. Alward*, No. 1:19-cr-261 (W.D. Mich.), (ECF No. 46). After Plaintiff began serving that sentence, he entered guilty pleas in two state court criminal prosecutions: *Michigan v. Alward*, No. 19-006351-01-FH (Wayne Cnty. Cir. Ct.)[1] and *Michigan v. Alward*, No. 19-000750-FH (Washtenaw Cnty. Cir. Ct.).[2]

Plaintiff contends that the two state circuit courts and the MDOC have failed to properly credit his state court sentences for "time served." Plaintiff asks the Court to enter a writ of mandamus compelling the Defendants to correct the "time served" calculation error. (Pet., ECF No. 1, PageID.2.)

---

[1] The register of actions for this case is available at https://cmspublic.3rdcc.org/default.aspx (select "Criminal Case Records," input Last Name "Alward" and First Name "Matthew," select "Search," select Case Number "19-006351.01-FH") (last visited July 2, 2024).

[2] The register of actions for this case is available at https://tcweb.ewashtenaw.org/PublicAccess/default.aspx (select "Criminal Case Records," select Search By "Defendant," input Last Name "Alward" and First Name "Matthew," select "Search," select Case Number "19-000750-FH") (last visited July 2, 2024).

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

### A.     Availability of Mandamus Relief Against State Actors

The writ of mandamus has been abolished in district court practice. *See* Fed. R. Civ. P. 81(b). However, "[r]elief previously available through [writs of mandamus] may be obtained by appropriate action or motion under these rules." *Id*. Under 28 U.S.C. § 1651, federal courts "may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." *See* 28 U.S.C. § 1651. Moreover, under 28 U.S.C. § 1361,

3

"[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." *See id.* § 1361.

Section 1361, by its terms, applies only to officers or employees of the United States and does not apply to state officials. *See Knox v. Unknown Party*, No. 1:18-cv-362, 2018 WL 2382002, at *2 (W.D. Mich. May 25, 2018), *aff'd sub nom. Knox v. Unknown Parties*, No. 18-1734, 2019 WL 2422799 (6th Cir. Jan. 2, 2019). Here, Plaintiff seeks mandamus relief against two state circuit courts and the MDOC. Federal courts simply have no authority to issue writs of mandamus to direct state officials to conform their actions and conduct to state law. *See Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984); *see also Haggard v. Tennessee*, 421 F.3d 1384, 1386 (6th Cir. 1970) (noting that "federal courts have no authority to issue writs of mandamus to direct state courts or judicial officers in the performance of their duties"). Accordingly, Plaintiff has failed to state a claim against these Defendants.

Moreover, regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to this form of civil action in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from a civil suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v.*

4

*Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Similarly, the state trial court Defendants are also immune from civil suit as arms of the state. *See, e.g., Pucci v. Nineteenth Dist. Ct.*, 628 F.3d 752, 760–74 (6th Cir. 2010). Accordingly, Plaintiff's claims are also properly dismissed on grounds of sovereign immunity.

      **B.**    **Habeas Corpus is the Only Available Remedy to Change the Duration of Plaintiff's Confinement**

In *Preiser v. Rodriquez*, 411 U.S. 475 (1973), the Supreme Court considered whether prisoners seeking restoration of credits against their sentences could proceed in a civil action for damages or injunctive relief. The Court held "that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*. at 500.

Plaintiff's contention that the state courts and MDOC improperly determined his "time served" sentence credit challenges the duration of his confinement and seeks a speedier release. Therefore, his exclusive remedy in this Court is a petition for habeas corpus relief under 28 U.S.C. § 2254. The Court notes, however, that Plaintiff would not be entitled to habeas relief before he had exhausted his claims by fairly presenting them to all levels of the Michigan state court system. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 844–45, 848 (1999); *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982); *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990).

**III.**    **Other Pending Motions**

Plaintiff has filed several additional motions: a motion to compel the Federal Bureau of Prisons to transfer Plaintiff to the Ingham County Correctional Facility (ECF No. 3); a motion to

5

bring Plaintiff to Mason, Michigan for court proceedings (ECF No. 4); and a motion to compel the Washtenaw County prosecutor to remove a detainer on Plaintiff (ECF No. 8). In light of the Court's dismissal of the petition, those motions are denied as moot.

## Conclusion

Having conducted the review required by the PLRA, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim and on grounds of sovereign immunity under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons the Court concludes that Plaintiff's claims are properly dismissed, the Court also concludes that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court certifies that an appeal would not be taken in good faith.

This is a dismissal as described by 28 U.S.C. § 1915(g).

Plaintiff's pending motions—other than his motions to proceed *in forma pauperis*—will be denied as moot.

An order and judgment consistent with this opinion will be entered.


Dated:   August 1, 2024                              /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge